# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

ROLANDO BETANCOURT,

    Petitioner,

v.

THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al.,

    Respondents.

Civil Action No. 18-0009 (MAS)

**MEMORANDUM ORDER**

This matter has come before the Court on a Petition for Writ of Habeas Corpus by Petitioner Rolando Betancourt pursuant to 28 U.S.C. § 2254. Also before the Court is Petitioner's motion to stay, requesting the Court to stay the matter while Petitioner exhausts state court remedies. The Court has reviewed the Petition, and indeed, some of the claims asserted are the same claims that Petitioner alleges are currently in front of the state court. As such, some of Petitioner's habeas claims had not been exhausted at the time the Petition was filed, so the Petition is a mixed petition as explained in *Rhines v. Weber*, 544 U.S. 269 (2005). Federal district courts may not adjudicate mixed petitions. *Id.* at 273.

Normally, the Court is directed to dismiss a mixed petition without prejudice, *id.* at 274, but a stay and abeyance may be appropriate when a dismissal without prejudice would cause a petitioner to run afoul of the habeas statute of limitations and lose his opportunity to seek federal habeas review. *See id.* at 275-76. Here, Petitioner asserts that the motion to stay may be necessary because he is unsure whether his second post-conviction relief ("PCR") application, which is currently on appeal in the state court, would toll his statute of limitations. (*See* Mot. to Stay 3, ECF No. 1-1.) According to the Petition, however, Petitioner's first PCR application concluded

on October 19, 2016, (Pet. 38, ECF No. 1), and the instant Petition, dated December 29, 2017 and filed on January 2, 2018, was filed more than one year after the first PCR application became final. Therefore, the Petition would be timely *only* if the second PCR application tolls the statute of limitations, an issue the Court cannot, nor is required to, determine at this time. That question can be decided if and when Petitioner files another habeas petition at the conclusion of the second PCR application; if the second PCR application is not entitled to statutory tolling, the Petition would already be time-barred, so a stay is unnecessary. Accordingly, the motion to stay is denied, and the Petition is dismissed as a mixed petition.

IT IS therefore on this 5th day of April, 2018,

**ORDERED** that the motion to stay (ECF No. 2) is hereby **DENIED**;

**ORDERED** that the Petition (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk shall serve this Order upon Petitioner, and shall **CLOSE** the file.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**